**Petition for Judicial Review of Camillo CAIOZZO, Petitioner,**

v.

**DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION for the DISTRICT of NEW YORK and all others acting for, with and under him, Respondent.**

United States District Court
S. D. New York.

Feb. 14, 1958.

Peter G. Giambalvo, Brooklyn, N. Y., for petitioner.

Paul W. Williams, U. S. Atty., Southern District of New York, New York City, for respondent. Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

■ This is a motion by petitioner for a temporary injunction to restrain execution of a deportation order. Respondent has cross-moved under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., for summary judgment dismissing the complaint.

Petitioner, a native of Italy, admittedly entered the United States illegally on May 8, 1950, by walking across the Texas border without inspection and without a proper visa. Petitioner was apprehended in July 1956 and deportation proceedings were instituted on the grounds that (1) he had illegally entered without an immigration visa [8 U.S.C.A. § 1251(a) (1)]; (2) he had entered without inspection [8 U.S.C.A. § 1251(a) (2)], and (3) he had failed to furnish the immigration authorities with information as to his address, and that this failure was willful and not reasonably excusable [8 U.S.C.A. § 1251(a) (5)].

Deportation proceedings were held in August 1956 at which petitioner was represented by counsel and at which an interpreter was used. During these proceedings petitioner admitted that he was illegally in the United States and subject to deportation. He applied, however, for suspension of deportation pursuant to 8 U.S.C.A. § 1254(a) and for permission for voluntary departure under 8 U.S.C.A. § 1254(e).

On October 31, 1956 the Special Inquiry Officer found that petitioner was deportable on all three grounds. He also concluded that since petitioner was ineligible for suspension of deportation under 8 U.S.C.A. § 1254(a) he could not be granted permission for voluntary departure under 8 U.S.C.A. § 1254(e). The Board of Immigration Appeals dismissed the appeal taken by the petitioner from this finding.

Petitioner in this proceeding concedes deportability on the first two grounds, i. e., entry without a visa and entry without inspection, but he contests his deportability on the third ground, i. e., that he had failed to advise the Immigration authorities of his address. He contends that such failure was not willful but excusable since it resulted from the ignorance of the petitioner of this requirement. It seems to be the contention of petitioner that if it were not for the adverse finding on this issue he would have been eligible for voluntary departure. The Board of Immigration Appeals in affirming the deportation order indicated that petitioner was not eligible for suspension of deportation because of the fact that he was subject to deportation on the three grounds.

■ Thus the Board declined to consider the application for voluntary departure on the ground that as a matter of law petitioner was not eligible for voluntary departure if he was found properly deportable under § 1251(a) (5). This holding is correct. Petitioner disputes the finding of deportability under this section, although he admits deportability under the other sections, where a finding of deportability could still have left open the right of the alien to apply for the privilege of voluntary departure.

■ The Court has reviewed the record. This record, in the opinion of the Court, shows that petitioner knew about the requirement that aliens had to file a written notice of their address and changes of address, and that petitioner failed to do so because he was afraid that if he filed a statement of his address the immigration people would pick him up and deport him. His statement and argument that he thought the requirement for filing notice of address applied only to aliens legally in the country lacks conviction and bears indication of an afterthought. The alien admitted that he did not comply with the requirement of making a statement of his address and changes of address. The evidence is sufficient to show that the acts of the alien were willful and not excusable. The Special Inquiry Officer had the petitioner before him, listened to his testimony and observed his demeanor, as well as the demeanor of the other witnesses. The administrative hearing appears to have been fair, no error of law is shown to have been committed, and

the evidence supports the finding of fact that petitioner's conduct was willful. Resultantly, the finding of fact by the administrative agency must stand and cannot be corrected by judicial proceedings. See Kessler v. Strecker, 1939, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082.

Since there is no issue of fact as to petitioner's deportability and as to his ineligibility for voluntary departure as a result of the grounds upon which he is deportable, the application of petitioner for an injunction to restrain deportation is denied, the stay is vacated and the application of respondent for summary judgment dismissing the complaint is granted. So ordered.